UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 22 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Robert Syversen
Better Living Trust
  143 Feeder Dam Road
  South Glens Falls, NY 12803
Jacob-Franz: Dyck
  32316 Twin Oaks Lane
  Brashear, MO 63533

    **Plaintiff**

V

**JUDGE STEPHEN FERRADINO**
Saratoga County Courthouse
Ballston Spa, N.Y. 12020

    **Defendant**

Case #

CASE NUMBER   1:06CV01639
JUDGE: Paul L. Friedman
DECK TYPE: Antitrust
DATE STAMP: 09/22/2006

JURY ACTION

# COMPLAINT
## Petition in Quo Warranto

### Identifying Parties

Plaintiff: Robert Syversen owner and manager of Better Living Trust (a home in Saratoga County New York).

Jacob-Franz: Dyck, Trustee of Better Living Trust (a home in Saratoga County New York).

Defendant: STEPHEN FERRADINO acting as Judge in Saratoga County New

/

York.

## Jurisdiction

Comes the Plaintiffs, Robert Syversen and Jacob-Franz: Dyck, all natural born free adults, to this honorable court sitting in Article III, Sec. 2:1 capacity under Federal Rules of Civil Procedures, Rule 9 (b) (c) (d) (e) (f) (g) and Rule 60 (b) for the discovery of the law and facts and upon the discovery of a scheme to defraud the Plaintiffs.

Under Federal rules of Civil Procedures Rule 9 (b) that fraud vitiated against contract or action ab initio. The jurisdiction of this court is invoked under Title 28 United States Code Section 1331 and 1332, this being an action arising under the Constitution of the United States and of the state of New York, Bill of Rights, Laws of the United States and Foreign Treaties of the United States. Deprivation under Color of State Laws, Statutes, ordinance, regulation, custom, and usage of a right, privilege, and immunity secured to Plaintiffs by the 1st, 4th, 5th, 6th, 7th, 8th and Articles of the Bill of Rights.

## Facts of Case

Plaintiffs state that when a judge breaks the law through conspiracy, collusion, tort, forceful contract of perjury of oath, or surrender of the Constitution by a

2

Foreign State/Power in constructive treason, by willful denial of rights afforded Plaintiffs by both Constitutions, State and Federal, will lose jurisdiction over the case before the court making all judgments, void: Title 28 U.S.C. Sec. #454, and #455; now becomes a Defendant and incorporated into the case for conspiracy by neglecting on December 10, 2005 to yield to Robert Syversens demand for Trial by Jury and discovery relating to the Promissory Note or accounting of monies paid and fraudulent Deed of Trust.  On December 10, 2005 Defendant ruled without Trial by Jury or awarding Plaintiffs Discovery.

    1. Plaintiffs respectfully informs the Court that Robert Syversen, is a sovereign citizen of the New York Republic, that Plaintiff Jacob-Franz: Dyck, as Trustee of Better Living Trust, a sovereign of Missouri Republic, prosecutes this cause for and on behalf of the state of New York: that defendant STEPHEN FERRADINO is a judicial corporation duly organized and existing under the laws of the State of New York; that at all times herein mentioned the defendant has done business and exercised it's corporate franchise within the State of New York in accordance with its incorporation under the laws of New York.

    2. Defendant STEPHEN FERRADINO is engaged in the business of judge for the County of Saratoga, State of New York.

3. Defendant, STEPHEN FERRADINO, has in the conduct of his business acted in violation of his oath, to uphold the Constitution of New York Republic and Constitution of the United States of America by enforcing the void judgment.

4. Defendant, STEPHEN FERRADINO, has in the conduct of his business acted in violation of his oath, to uphold the Constitution of New York Republic and Constitution of the United States of America by the following violations:

   a. Article 1 (Bill of Rights) Sec. 2   Right of trial by jury-That the right of trial by jury as heretofore enjoyed shall remain inviolate;

   1. United States of America Constitution Amendment VII-In suits at common law where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of common law.

5. Bill of Rights, Article IX-In suits at common law where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of common law. See

4

**Exhibit 1.**

    a. Discovery-When discovery was demanded as to the existence of a Promissory Note the judge refused discovery and accounting by a competent person of the Bank. This is to say that the accuser is correct and proof of its correctness is incontrovertible. Thereby guilty until proven innocent.

6. Judge STEPHEN FERRADINO gave the property to the Trustee who sold it on the courthouse steps. This entire action was void because the judgment was void.

7. Plaintiffs further inform the Court that the acts and violations of Defendant were conscious, willful, deliberate and knowingly performed against the Plaintiffs.

8. Plaintiffs further inform the Court that, by reason of the omissions, Defendant has grossly and willfully abused and misused his corporate franchise granted by the State of New York and that, because of such abuse and misuse, the rights and privileges of Defendant to and under the franchise should be withdrawn and Defendant ousted from the franchise.

5

THEREFORE, Relators pray that due process of law may issue against Respondent and that, on final hearing and determination of this cause, Respondent be ousted from its corporate franchise granted by the State of New York, and for such other and further relief that the court may deem just.

Date: September 22, 2006

                                            By: Robert Syversen

                                            By: Jacob-Franz: Dyck

STEPHEN FERRADINO
Saratoga County Courthouse
Ballston Spa, N.Y. 12020

    TRIAL BY JURY
    DEMANDED

No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the Government, from the highest to the lowest, are creatures of the law, and are bound to obey it. It is the only supreme power in our system of government, and every man, who, by accepting office, participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives. See INTERNATIONAL POSTAL SUPPLY COMPANY v. BRUCE (05/31/04) 194 U.S. 601, 48 L. Ed. 1134, 24 S. Ct. at page 609. But immunity from suit is a high attribute of sovereignty -- a prerogative of the State itself -- which cannot be availed of by public agents when sued for their own torts.

The Eleventh Amendment was not intended to afford them freedom from liability in any case where, under color of their office, they have injured one of the State's citizens. To grant them such immunity would be to create a privileged class free from liability from wrongs inflicted or injuries threatened. Public agents must be liable to the law, unless they are to be put above the law. See OLD COLONY TRUST COMPANY v. CITY SEATTLE ET AL. (06/01/26) 271 U.S. 426, 46 S. Ct. 552, 70 L. Ed. at page 431.

No officer of the law may set that law at defiance with impunity. See United States v. Lee, 106 U.S. 196, 220 and Burton v. United States, 202 U.S. 344. The objection is that, as the real party cannot be brought before the court, a suit cannot be sustained against the agents of that party; and cases have been cited to show that a court of chancery will not make a decree unless all those who are substantially interested be made parties to the suit. This is certainly true where it is in the power of the plaintiff to make them parties; but if the person who is the real principal, the person who is the true source of the mischief, by whose power and for whose advantage it is done, be himself above the law, be exempt from all judicial process, it would be subversive of the best established principles to say that the laws could not afford the same remedies against the agent employed in doing the wrong which they would afford against him could his principal be joined in the suit." See IN RE AYERS.; IN RE SCOTT.; IN RE MCCABE. 123 U.S. 443, 31 L. Ed. 216, 8 S. Ct. at page 512.

The liability of state judicial officials and all official participants in state judicial proceedings under C2 A7 2 was explicitly and repeatedly affirmed. The notion of immunity for such officials was thoroughly discredited. The Senate sponsor of the Act deemed the idea "akin to the maxim of the English law that the King can do no wrong. It places officials above the law. It is the very doctrine out of which the rebellion [the Civil War] was hatched." Cong. Globe, 39th Cong., 1st Sess., 1758 (1866) (Sen. Trumbull). Thus, C2 A7 2 was "aimed directly at the State judiciary." Id., at 1155 (Rep. Eldridge). See also id., at 1778 (Sen. Johnson, member of the Senate Judiciary Committee).

06 1639

Exhibit 1
Page 1 of 3

FILED
SEP 22 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

There was "no difference in the principle involved" between a civil remedy and a criminal sanction. Ibid. See BRISCOE ET AL. v. LAHUE ET AL. (03/07/83) 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96, 51 U.S.L.W. at page 359. The Court in Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function. ... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse.

When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect. The U.S. Supreme Court, in Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) stated that when a state officer acts under a state law in a manner volative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.

A judge's private, prior agreement to decide in favor of one party is not a judicial act. Although a party conniving with a judge to predetermine the outcome of a judicial proceeding may deal with him in his judicial capacity, the other partys expectation of judicial impartiality's actively frustrated by the scheme. It is the antithesis of the principled and fearless decision-making that judicial immunity exists to protect. Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980) cert. Denied, 451 U.S. 939, 101 S. Ct. 2020, (1981), Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213 (1967), and Gregory v. Thompson, 500 F.2d 59 (9th Cir. 1974).

The United States Supreme Court has long recognized that judicial immunity does not protect judicial officers when the relief sought is injunctive and declaratory. Pulliam v. Allen, 466 U.S. 522, 1970. HEADS UP Congress has revised the law -In any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Applying the clear absence of all jurisdiction standard to judges of courts of limited jurisdiction (such as federal district courts) comports with the policy expressed in Bradley that where a court has subject matter jurisdiction over a particular controversy, the judge should be absolutely immune from a damages action stemming from his decision. It is clear that a judge who acts in the absence of subject matter jurisdiction may be held liable for his judicial acts. Stump v. Sparkman, 435 U.S. 349, 98 S. Ct. 1099, (1978), Bradley v. Fisher, 80 U.S. 335 (1872).

Where an individual official would be expected to know that certain conduct would violate statutory or constitutional rights he should be made to hesitate. Harlow v. Fitzgerald, 102 S. Ct. at 2739 and Scott v. Dixon 720 F.2d 1542 (11th Cir. 1983). Where judge presumes to exercise jurisdiction beyond understood boundaries, judge is not entitled to immunity. Dykes v. Housemann, 743 F.2d 1488 (11th Cir. 1984).

Exhibit 1
Page 2 of 3

A judges private, prior agreement to decide in favor of one party is not a judicial act. Lopez v. Vanderwater, 620 F.2d 1229 (7th Cir. 1980). If a court lacks jurisdiction over a party, then it lacks jurisdiction to adjudicate that partys rights, whether or not the subject matter is properly before it. Kulko v. Superior Court, 436 U.S. 84, 98 S.Ct. 1690 (1978). Ex parte proceeding would be a flagrant violation of due process, rendering any order null and void.

In re: Wellman, 3 Kan. App.100, 45 P. 726, (1896). When want of jurisdiction is known to the judge, no excuse is permissible. Turner v. Raynes, 611 F.2d 92, (5th Cir. 1980). Willful misconduct in office or willful and persistent failure to perform his official duties by a judge of the United States shall constitute conduct inconsistent with the good behavior required by article III of the Constitution and shall be cause for the removal of that judge."

When judges act when they do not have jurisdiction to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law, and are engaged in treason (see below).

The Court in Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function. ... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse." When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect.

The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). The Illinois Supreme Court has held that "if the magistrate has not such jurisdiction, then he and those who advise and act with him, or execute his process, are trespassers." Von Kettler et.al. v. Johnson, 57 Ill. 109 (1870).

Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers. "Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828). The Illinois Supreme Court held that if a court "could not hear the matter upon the jurisdictional paper presented, its finding that it had the power can add nothing to its authority, - it had no authority to make that finding." The People v. Brewer, 128 Ill. 472, 483 (1928).

The judges listed in all above mentioned cases had no legal authority (jurisdiction) to hear or rule on certain matters before them. They acted without any jurisdiction. When judges act when they do not have jurisdiction to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law, and are engaged in treason.

*Exhibit 1*

*Page 3 of 3*