UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

ROBERT SYVERSON, BETTER LIVING TRUST;
JACOB-FRANZ:DYCK,

             *Plaintiffs*,

      -against-            06-CV-01639

JUDGE STEPHEN A. FERRADINO,        Friedman, J.

             *Defendant*.
_____


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (2)**


               ELIOT SPITZER
               Attorney General of the State of New York
               Attorney for Defendant the Honorable Stephen A.
                 Ferradino
               The Capitol
               Albany, New York  12224-0341

Bridget E. Holohan
Assistant Attorney General, of Counsel
Bar Roll No. 510911
Telephone:  (518) 473-3684
Fax:  (518) 473-1572 (Not for service of papers)      Date: November 28, 2006

## Table of Contents

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I

        JUDGE FERRADINO IS ENTITLED TO ABSOLUTE
        JUDICIAL IMMUNITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT II

        PLAINTIFFS' CLAIM IS BARRED BY THE ELEVENTH
        AMENDMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT III

        THIS COURT LACKS JURISDICTION OVER JUDGE
        FERRADINO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Preliminary Statement**

Plaintiffs brought this action alleging the defendant, the Honorable Stephen Ferradino, violated their state and federal constitutional rights. Apparently, Judge Ferradino, Supreme Court Justice for the County of Saratoga in the State of New York, entered summary judgment against plaintiffs. For the reasons that follow, the action must be dismissed in its entirety on the grounds of absolute judicial immunity, Eleventh Amendment immunity and lack of personal jurisdiction.

**Statement of the Case**

As best that can be gleaned from plaintiffs' rambling complaint, Judge Ferradino entered summary judgment against plaintiffs in a state foreclosure proceeding. Plaintiffs claim that that judicial act violated their state and federal constitutional rights.

**POINT I**

**JUDGE FERRADINO IS ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY**

It is well settled that judges are immune from suits for damages arising out of judicial acts. See Bradley v. Fisher, 80 U.S. 335 (1871); Pierson v. Ray, 386 U.S. 547 (1967); Stump v. Sparkman, 435 U.S. 349, 359 (1978); Forrester v. White, 484 U.S. 219, 225 (1988); Mireles v. Waco, 502 U.S. 9 (1991). Judges are frequently called upon to make decisions which disappoint "some of the most intense and ungovernable desires that people can have." Forrester, 484 U.S. at 226. Personal liability for each decision would result in an "avalanche of suits" that would necessarily diminish the judge's authority to settle disputes. See Bradley, 80 U.S. at 347. Indeed, society's increased reliance on the litigation process could not have arisen without some protection for judges for determinations made in their judicial capacity. In additional, the availability of appellate review now ensures that "[m]ost judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which

are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." Forrester, 484 U.S. at 227. As plaintiffs allege that Judge Ferradino entered summary judgment against them, Judge Ferradino was clearly acting within the scope of his judicial duties. Therefore, he is entitled to absolute judicial immunity and the complaint must be dismissed.

POINT II

**PLAINTIFFS' CLAIM IS BARRED BY THE ELEVENTH AMENDMENT**

The Eleventh Amendment provides as follows:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. A suit against a State in federal court may be maintained only with the State's consent or under circumstances where there has been a proper congressional abrogation of Eleventh Amendment immunity. Kentucky v. Graham, 473 U.S. 159, 169 (1985); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99-100 (1984); Seminole Tribe of Florida v. Florida, 116 S.Ct. 1114, 1122 (1996); Will v. Michigan Dept. Of State Police, 491 U.S. 58, 66 (1989).

The bar against suits for damages against a State in federal court, absent the State's consent or Congressional abrogation, "remains in effect when State officials are sued for damages in their official capacity." Kentucky v. Graham, 473 U.S. 159, 169 (1985). It is clear, however, that all factual allegations involve acts or omissions purportedly committed in a defendant's official capacity. A "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office [citations omitted]. As such, it is no different from a suit against the State itself." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71; Pennhurst State School &

Hospital v. Halderman, 465 U.S. 89, 99-100 (1984). A state official, named in his or her official capacity, is therefore immune from federal suits seeking retroactive monetary relief. Id. at 102-03; Edelman v. Jordan, 415 U.S. 651, 666-67 (1974).

## POINT III

### THIS COURT LACKS JURISDICTION OVER JUDGE FERRADINO

Since Judge Ferradino does not reside in the District of Columbia, "this Court may assert personal jurisdiction only pursuant to the long-arm statute, D.C. Code § 13-423." Coalition on Sensible Tranport. v. Dole, 631 F.Supp. 1382, 1383 (D.D.C. 1986). Naartex Consulting Corp. v. Watt, 722 F.2d 779 (D.C. Cir. 1983), cert. denied, 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984). Even if the long-arm statute permits the exercise of personal jurisdiction over a non-resident defendant, the exercise of such jurisdiction still must satisfy "the constitutional requirements of due process." Marshall v. Labor & Industries, 89 F.Supp. 2d 4 (D.D.C. 2000); Lott v. Burning Tree Club, Inc., 516 F.Supp. 913, 915 (D.D.C. 1980).

The plaintiffs "bear the burden of establishing an adequate factual basis for long-arm jurisdiction." Coalition on Sensible Tranport., 631 F.Supp. at 1383; McManus v. Washington Gas Light Co., 1991 U.S. Dist. LEXIS 14539, *3 (D.D.C. 1991) (citing Lott, 516 F.Supp. 913). In this case, the plaintiffs have failed to meet their burden, as the District of Columbia's long-arm statute would not confer personal jurisdiction over Judge Ferradino. The statute provides as follows:

(A) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –
  (1) transacting any business in the District of Columbia;
  (2) contracting to supply services in the District of Columbia;
  (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;
> (6) contracting to insure or act as surety for or on any person . . .
> (7) marital or parent and child relationship in the District of Columbia . . .

13 D.C. Code § 423(a).

Plaintiffs make no allegation suggesting that any of the above-cited provisions were satisfied here. In particular, the complaint does not allege that Judge Ferradino, a New York State judicial officer, transacts business in the District of Columbia, or has caused any tortious injury by acting or omitting to act within the District of Columbia. Therefore, personal jursidiction over Judge Ferradino is not authorized under the District of Columbia's long-arm statute and cannot be exercised by this Court.

Additionally, the exercise of jurisdiction over the named New York State judicial officer in this case would be constitutionally infirm. Before a court can exercise jurisdiction over a foreign defendant, the foreign defendant must have purposely established "minimum contacts" within the forum state. Burger King Corp. v. Rodzewicz, 471 U.S. 462, 105 S. Ct. 2174 (1985); International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154 (1945). Sufficient minimum contacts exist only when

> the defendant's conduct and connection with the forum "are such that he should reasonably anticipate being hauled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 62 L.Ed.2d 490, 100 S.Ct. 559 (1980). The constitutional test is whether the defendant purposefully established "minimum contacts" in the forum state. Asahi v. Metal Industries Co., Ltd. v. Superior Court of California, 480 U.S. 102, 108-109, 107 S.Ct. 1026, 94 L.Ed. 2d 92 (1987). Minimum contacts consist of "some act by which the defenant purposefully avails

himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Id. at 109.

Marshall, 89 F.Supp. 2d at 7-8.

Here, as noted, Judge Ferradino has no presence in or nexus to the District of Columbia. In addition, nothing in the complaint suggests that any alleged wrongdoing purportedly committed by these defendants occurred in the District of Columbia. Rather, the complaint seeks to assert money damage claims against the defendant for acts or omissions which purportedly occurred or did not occur within the State of New York. Such allegations are insufficient to satisfy the applicable test and thus cannot serve as the requisite "minimum contacts." Accordingly, Judge Ferradino is not subject to personal jurisdiction in the District of Columbia and the complaint must be dismissed.

**CONCLUSION**

**FOR THE FOREGOING REASONS, THE COMPLAINT MUST BE DISMISSED**

Dated: Albany, New York
       November 28, 2006

        ELIOT SPITZER
        Attorney General of the State of New York
        Attorney for Defendant the Honorable Stephen A.
            Ferradino
        The Capitol
        Albany, New York 12224-0341

        By: *s/ Bridget E. Holohan*
        Bridget E. Holohan
        Assistant Attorney General, of Counsel
        Bar Roll No. 510911 (Northern District of New York)
        Telephone: (518) 473-3684
        Fax: (518) 473-1572 (Not for service of papers)
        Email: Bridget.Holohan@oag.state.ny.us

TO:    Robert Syversen
         Jacob-Franz: Dyck