U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
AUG 2 3 2006
LAWRENCE K. BAERMAN, CLERK
ALBANY

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF NEW YORK**

Better Living Trust et al
Jacob-Franz: Dyck [Trustee]
   Robert Rustad Syverson and
   Vicki Jo Syverson [Grantors]
     Demandants (Plaintiffs)

Case No.

v.

HSBC MORTGAGE COMPANY

DAWN KEMPA, MRS, CLARA SHEPHERD,
DAVE SNYDER, LYNNE RUBERTO (#8356)
BLOCK, COLUCCI, SPELLMAN & PELLER, LLP
VALERIE B. ROHLING, ESQ.
STACY L. DeLOACH, ESQ., JOEL PELLER, ESQ.,
THERESA CARNER, KEITH FERRARA, ESQ.,
MICHAEL S. CUOMO, CAROLYN E. HALL,
TIMOTHY J. DOYLE, STEPHEN A. FERRADINO,
ANN C. CROWELL, KIMBERLY A. CROW,
KAKTHLEEN A.MARCHIOINE, LOREY WILKINS,
John Doe 1-25 Jane Doe 1-25

**DEMAND FOR JURY TRIAL**

**06 -CV- 1014**

GLS / DRH

Defendants
**in their personal capacity, in their corporate capacity,
in their private capacity and all marital assets.**

---

**Civil Action for Redress of Grievance Against Public Officials
and Banking Officers and Officials
for Stealing Private Property**

---

### Affidavit

I Jacob Franz: Dyck, am competent to testify and make this affidavit as a follower of the Messiah, in the laws of the Almighty Supreme Creator, first and foremost and the laws of Man when they are not in conflict (Leviticus 18:3,4). Pursuant to Matthew 5L33-37 and James5L12 [C.I.R. v. Ferguson USCA 90-1430], let my yea be yea and my nay be nay, as supported by your Federal law 97-280, 96 Stat. 1211. I have personal knowledge of the matters stated herein and hereby asseverate understanding the liabilities presented in your <u>Briscoe v. Lahue 46 U.S. 325.</u>

1

# COMPLAINT

## 1. Unlawful Debt Collection Practices

This is an action for damages brought forth by an individual consumer for Defendant's violation of the following acts; Title 15 U.S.C. 1692, et seq. The **Fair Debt Collection Practices Act**, [hereinafter the "FDCPA"]; constituting unfair and Deceptive acts and practices under the 15 U.S.C. 1692g et seq. These laws strictly prohibit debt collectors, creditors as well as actors acting as debt collectors from engaging in abusive, deceptive and unfair collection practices.

## 2. Jurisdiction

1. Jurisdiction of the Court arises under Title 15 U.S.C. sec. 1692k (d), which grants this United States District Court jurisdiction to hear this action without regard to the amount in controversy. Title 28 U.S.C. sec. 1337 and 28 U.S.C. sec. 1331 and supplement jurisdiction exists for the state law claims pursuant to 28 U.S.C. sec. 1367 and Declaratory relief is available pursuant to Title 28 U.S.C. sec. 2001 and 2202.

2. Venue lies in this district pursuant to Title 28 U.S.C. sec. 1391 (b)

## 3. Parties

1. The Plaintiff, Robert Rustad Syverson, a natural person and consumer pursuant to Title 15 U.S.C. 1692a [3] and resides at 143 Feeder Dam Road South Glens Falls, New York 12803.

2. Vicki Jo Syverson, a natural person and consumer pursuant to Title 15 U.S.C. 1692a [3] and resides at 143 Feeder Dam Road South Glens Falls, New York 12803

3. Better Living Trust, a common law irrevocable pure trust holding the property in question with a Warranty Deed (Vol 01756, page 00385) Saratoga County New York.

4. Jacob-Franz: Dyck, a natural person and consumer pursuant to Title 15 U.S.C. 1692a [3], trustee for Living Free Trust residing at 2837 S.O.H.E. G-417 Branson, Missouri 65616..

5. Defendant, STEPHEN A. FERRADINO, administrative referee under Administrative Procedures Act of 1946, Title 5 U.S.C. 1101, June 11, 1946, acting as judge for the STATE OF NEW YORK, SUPREME AND COUNTY COURTS in SARATOGA COUNTY, NEW YORK.

6. Defendant, KATHLEEN A. MARCHIONE, SARATOGA COUNTY CLERK employed by STATE OF NEW YORK, SUPREME AND COUNTY COURTS, CLERK'S OFFICE 40 McMaster Street BALLSTON SPA, NEW YORK 12020.

6. Defendant, LORI WILKINS, ASSISTANT CLERK, employed by STATE OF NEW YORK, SUPREME AND COUNTY COURTS, CLERK'S OFFICE 40 McMaster Street BALLSTON SPA, NEW YORK 12020.

7. Defendant, CAROLYN E. HALL, CHIEF CLERK, employed by STATE OF NEW YORK SUPREME AND COUNTY COURTS, SARATOGA COUNTY, NEW YORK 30 McMaster Street BALLSTON SPA, NEW YORK 12020.

8. Defendant, TIMOTHY J. DOYLE, DEPUTY CHIEF CLERK, employed by STATE OF NEW YORK SUPREME AND COUNTY COURTS, SARATOGA COUNTY, NEW YORK 30 McMaster Street BALLSTON SPA, NEW YORK 12020.

9. Defendant, JAMES BOWEN, acting as sheriff for SARATOGA COUNTY, at 6016 County Farm Road BOLSTON SPA, NEW YORK 12020.

10. Defendant, THIRD PARTY DEBT COLLECTOR, BLOCK, COLUCCI, SPELLMAN & PELLAR, LLP (hereinafter known as BLOCK), 9 Executive Park Drive P.O. Box 5018 CLIFTON PARK, NY 12065. 15 U.S.C. sec 1692a [6].

12. Defendant STACY L. DeLOACH, ESQ., employed by BLOCK as defined by the Fair Debt Collection Practices Act, [hereinafter referred to as FDCPA], Title 15 U.S.C. sec. 1692a [6].

13. Defendant VALERIE B. ROHLING, ESQ., employed by BLOCK as defined by the FDCPA, Title 15 U.S.C. sec. 1692a [6].

14. Defendant JOEL PELLER, ESQ., employed by BLOCK as defined by the FDCPA, U.S.C. sec 1692a [6].

15. Defendant TERESA CARNER, employed by BLOCK as defined by the FDCPA, U.S.C. sec 1692a [6].

16. Defendant KEITH FERRARA, ESQ., employed by STATE OF NEW YORK 2911 Route 9 MALTA, NEW YORK 12020.

17. HSBC MORTGAGE COMPANY, (hereinafter known as HSBC) 2929 Walden Avenue, DEPEW, NEW YORK 14043 (hereinafter referred to as bank or Defendant HSBC) is a party to this lawsuit by which the Bank pursues the claim in consideration of receiving part of the proceeds or part of the judgment ("Champerty"). The Bank's action and/or support of this action is guided under "Maintenance" by which the Bank maintains, supports or promotes the litigation of another by the amount of filings by Defendant HSBC clearly proves the Bank knew, should have known and approves the Complaint filed against this Plaintiff. HSBC is also party to this suit by the Doctrine of Respondent Superior. HSBC is the master. This doctrine or maxim means that a master (Bank) is liable for the wrongful acts of his servant, Defendant HSBC's agents and employees. Under the Doctrine of Respondent Superior Bank actually controlled, dictated, ruled, ordered, managed, and determined the actions of the debt collectors.

18. Defendant DAWN KEMPA, employed by HSBC.
19. Defendant CARLA SHEPHERD, employed by HSBC
20. Defendant DAVID SNYDER, employed by HSBC
21. Defendant LYNN RUBERTO, employed by HSBC
22. Defendant KIMBERLY M. GRAVES, employed by HSBC
23. Defendant MICHAEL S. CUOMO, employed by NEW YORK STATE POLICE 2455 State Route 9 BALLSTON SPA, NEW YORK 12020
24. Defendant ANN C. CROWELL, employed by STATE OF NEW YORK SUPREME AND COUNTY COURTS, SARATOGA COUNTY.
25. Defendants JOHN DOE 1-25 and JANE DOE 1-25

26. Defendants JOHN and/or JANE DOE 1-50. Anyone involved employed by, or causing damages to Plaintiffs property through purported rights but in reality causing barratry or rights violations of Plaintiff or Plaintiffs.

barratry or rights violations of Plaintiff or Plaintiffs.

### 4. Factual Allegations

27. Plaintiff repeat, reallege and incorporate by reference paragraphs one through twenty six above.

28. Defendant BLOCK filed a civil action hearing notice with District Justice STEPHEN A. FERRADINO on or about September 2, 2005.

29. Upon examination of the complaint Plaintiffs Robert Rustad Syverson and Vicki Jo Syverson became confused as to who actually was bringing this suit against them.. Defendant BLOCK leads Plaintiffs Syverson to believe that BLOCK is bringing suit, but upon closer examination of the address for BLOCK, Plaintiffs Syversons recognizes that the address listed is for Defendant BLOCK. Address on complaint reads as follows: 9 Executive Park Drive P.O. Box 5018 CLIFTON PARK, NEW YORK 12065.

30. By Defendant BLOCK misrepresenting HSBC'S address in the civil action hearing notice, causing confusion and leading "the least sophisticated consumer" (Plaintiffs Syverson) to believe that Defendant BLOCK purchased the debt, and HSBC should not be involved in this action.

31. When Defendant BLOCK filed the civil action in Circuit court Defendant BLOCK failed to put the consumer warning on any and all correspondence "This communication is from a debt collector and this is an attempt to collect a debt and any information obtained will be used for that purpose.".

32. Plaintiffs Syverson appeared at the hearing on October 17, 2005 and Plaintiffs Syverson requested discovery of the Original Promissory Note and a Competent Fact Witness. Promissory Note was not brought forward nor was account accountability brought forward.

33. Defendant BLOCK began legal action without allowing Plaintiffs Syverson all of their due process administrative remedies. Plaintiffs Syverson did not receive an initial communication from Defendant BLOCK allowing the consumers their validation rights. Defendant BLOCK was in violation of Title 15 U.S.C. 1692g (a)(1)(2)(3)(4)(5)(b).

34. In the event Defendant BLOCK did make an attempt to communicate with Plaintiffs Syverson in an "initial communication letter with the consumer" which Plaintiffs Syverson did not receive for whatever reason beyond their control, "the failure of consumer to dispute the validity of a debt under this

section may not be construed by any court as an admission of liability by the consumer". Title 15 U.S.C. 1692g (c).

35. It is the belief of the Plaintiffs Syverson that Defendant BLOCK filed this civil action hearing at the Circuit Court in hopes that the "least sophisticated consumer" would not appear for the hearing and Defendant BLOCK would receive a default judgment. Defendant BLOCK continues further with additional abusive and harassing actions.

36. Plaintiffs Syverson believe that Defendant BLOCK was hoping "the least sophisticated consumer" would feel overwhelmed, intimidated, harassed and confused, not familiar with court procedures and probably not financially able to hire an attorney for representation "the least sophisticated consumer" probably would not answer the complaint in the allowed twenty (20) days. It is the belief of Plaintiffs Syverson that Defendant BLOCK filed this action again hoping to get a default judgment.

37. The complaint, filed in the Circuit Court against Plaintiffs Syverson, was deceptive in leading the Plaintiff to believe that this was legal process. The complaint was defective because there was no legal instruments in which to substantiate Defendant BLOCK'S claim. A violation of 15 U.S.C. 1692d and 1692e. 1692e2(A)(3)(5)(13).

38. Defendant BLOCK uses abusive practices and abuse of "title of authority" by using the same dunning and/or boiler plated communications and legal forms, including the complaint, not to mention the great volume of accounts Defendant BLOCK has filed with the court. This action reinforces Plaintiffs beliefs that Defendant BLOCK did not use professional judgment by filing and serving upon Plaintiffs Syverson any communication clearly substantiates "Banks" involvement. Bank is Respondent Superior.

39. HSBC made the decision about which consumer should receive the dunning letters and/or communication and/or legal forms on Defendant BLOCK'S letterhead by sending Defendant BLOCK an Affidavit containing consumer's name, address and amount of alleged debt. The documents from the Circuit Court and Defendant BLOCK'S records will clearly show that the greatest majority of names supplied by HSBC are handled with the same exact form letters and the filing of the same exact complaint substantiating HSBC'S involvement and/or approval. Bank is Respondeat Superior.

40. If HSBC did not approve of the actions of Defendant BLOCK then HSBC would not allow Defendant BLOCK to send boiler plated communications including the filing of hundreds of Complaints in this Commonwealth of New York. BANK IS RESPONDANT SUPERIOR.

41. Plaintiffs Syverson responded to the civil complaint on or about July 8, 2005 by filing a "Answer and Counter Claim". Plaintiffs Syverson mailed a copy of the "Answer and Counter Claim" to Defendant BLOCK.

42. Courts have required debt collectors to provide the following types of information in discovery: Information regarding the legal relationship between the debt collector and the entity it purchased the debt from Kimbro v. I.C.System, Inc., 2002 WL 1816820 (D. Conn.July 22, 2002).

43. In response to Plaintiffs Syverson's REQUEST FOR ORIGINAL PROMISSORY NOTE, the response has consistently been "New York is a copy state". Defendant BLOCK failed to prove that anyone they represent has any holder in due course status, or prove that anyone they represent ever gave valuable consideration, and failed to provide any original documents to validate Defendant BLOCK'S claim.

Page 5

section may not be construed by any court as an admission of liability by the consumer". Title 15 U.S.C. 1692g (c).

35. It is the belief of the Plaintiffs Syverson that Defendant BLOCK filed this civil action hearing at the Circuit Court in hopes that the "least sophisticated consumer" would not appear for the hearing and Defendant BLOCK would receive a default judgment. Defendant BLOCK continues further with additional abusive and harassing actions.

36. Plaintiffs Syverson believe that Defendant BLOCK was hoping "least sophisticated consumer" would feel overwhelmed, intimidated, harassed and confused, not familiar with court procedures and probably not financially able to hire an attorney for representation "the least sophisticated consumer" probably would not answer the complaint in the allowed twenty (20) days. It is the belief of Plaintiffs Syverson that Defendant BLOCK filed this action again hoping to get a default judgment.

37. The complaint, filed in the Circuit Court against Plaintiffs Syverson, was deceptive in leading the Plaintiff to believe that this was legal process. The complaint was defective because there was no legal instruments in which to substantiate Defendant BLOCK'S claim. A violation of 15 U.S.C. 1692d and 1692e. 1692e2(A)(3)(5)(13).

38. Defendant BLOCK uses abusive practices and abuse of "title of authority" by using the same dunning and/or boiler plated communications and legal forms, including the complaint, not to mention the great volume of accounts Defendant BLOCK has filed with the court. This action reinforces Plaintiffs beliefs that Defendant BLOCK did not use professional judgment by filing and serving upon Plaintiffs Syverson any communication clearly substantiates "Banks" involvement. Bank is Respondent Superior.

39. HSBC made the decision about which consumer should receive the dunning letters and/or communication and/or legal forms on Defendant BLOCK'S letterhead by sending Defendant BLOCK an Affidavit containing consumer's name, address and amount of alleged debt. The documents from the Circuit Court and Defendant BLOCK'S records will clearly show that the greatest majority of names supplied by HSBC are handled with the same exact form letters and the filing of the same exact complaint substantiating HSBC'S involvement and/or approval. Bank is Respondeat Superior.

40. If HSBC did not approve of the actions of Defendant BLOCK then HSBC would not allow Defendant BLOCK to send boiler plated communications including the filing of hundreds of Complaints in this Commonwealth of New York. BANK IS RESPONDANT SUPERIOR.

41. Plaintiffs Syverson responded to the civil complaint on or about July 8, 2005 by filing a "Answer and Counter Claim". Plaintiffs Syverson mailed a copy of the "Answer and Counter Claim" to Defendant BLOCK.

42. Courts have required debt collectors to provide the following types of information in discovery: Information regarding the legal relationship between the debt collector and the entity it purchased the debt from Kimbro v. I.C.System, Inc., 2002 WL 1816820 (D. Conn.July 22, 2002).

43. In response to Plaintiffs Syverson's REQUEST FOR ORIGINAL PROMISSORY NOTE, the response has consistently been "New York is a copy state". Defendant BLOCK failed to prove that anyone they represent has any holder in due course status, or prove that anyone they represent ever gave valuable consideration, and failed to provide any original documents to validate Defendant BLOCK'S claim.

44. Defendant BLOCK knew that proper legal documents were not in his possession, in violation of 15 U.S.C. sec. 1692e(2)(A)(3)(5).

45. Defendant BLOCK'S actions suggest that Defendant BLOCK has reached a considered professional judgment that the debt is delinquent and is a candidate for a legal lawsuit.

46. Plaintiffs Syverson believes that Defendant BLOCK knew or should have known that basing Defendant's decision on whether to file a lawsuit on the lawyer's cursory information supplied by HSBC about the legitimacy of a debt was insufficient to make a legal judgment that there was a legitimate claim to pursue.

47. It is Plaintiffs Syverson's belief that Defendant BLOCK was clearly using the court system and the U.S. mail system as a debt collector in a deceptive, harassing, false and/or misleading representation and/or means in connection with the collection of an alleged debt.

48. Plaintiffs Syverson believes that Defendant BLOCK was hoping that Plaintiffs Syverson "being the least sophisticated consumer" would fail to respond to Defendant BLOCK'S complaint thereby allowing Defendant BLOCK the opportunity to obtain a default judgment as he was able to do in various other cases.

49. It is Plaintiffs Syverson's belief that Defendant BLOCK was using a series of harassment, intimidation, deceptive and other unlawful methods without providing any verifiable documents to prove any allegations and/or legal instruments in order to justify the filed lawsuit.

50. It is Plaintiffs Syverson's belief that Defendant BLOCK once again is preying upon the "least sophisticated consumer" in hopes that Plaintiff would feel overwhelmed and being uneducated in court proceedings would not file the required pleadings within the necessary twenty (20) days and a default judgment would be entered against Plaintiff.

51. On or about December 31, 2005 Plaintiffs Syverson received Summary Judgment signed by Stephen A. Ferradino.

### 5. Fair Debt Collection Practices Act Violations

52. Plaintiff repeat, reallege and incorporate by reference paragraphs one (1) through fifty-one (51) above.

53. Although Plaintiffs Syverson may not be liable to Defendant BLOCK or any company(s) or corporation(s) for which defendant's collect, the Plaintiff is a "consumer" as defined by Title 15 U.S.C. sec. 1692a(3) of the Fair Debt Collection Practices Act (hereinafter referred to as FDCPA).

65. Defendant BLOCK is a "debt collector(s)" as defined by Title 15 U.S.C. sec. 1692a(6).

66. The above contacts made between the Plaintiffs Syverson and Defendant BLOCK were "communications" relating to an alleged "debt" as defined by Title 15 U.S.C. sec. 1692a(2)(5).

### 6. Second Claim for Relief

69. Plaintiff repeat, reallege and incorporate by reference paragraphs one through sixty-eight above.

70. Defendant BLOCK'S actions as described above were done with willful, reckless, wanton, malicious, intentional and negligent disregard for Plaintiff Martens rights under the law and with the purpose of coercing her to pay the alleged debt.

71. Defendant BLOCK'S actions as described above were done with deceptive, unfair, abusive and unconscionable means as to utilize the courts for Defendant's own unjust enrichment preying upon "the least sophisticated consumer".

72. As a result of the foregoing violations, Defendant's are liable to Plaintiff Martens in the sum of $6,500,000.00 for actual damages, statutory damages, and attorney's fees and costs.

### CAVEAT

As can be seen throughout Exhibit A-1 to A-25 the banks want you to believe that the banks are the creators of currency. This is not the case, it is the ploy deception wanting to conceal the fact that the Federal Reserve "hereinafter the Fed" is the real creator of currency. As is seen in Exhibit D-1 to D-13 the promissory notes are signed and sent to the Fed. The Fed's creation of currency is no surprise nor is it repulsive to society. The rejection and repulsiveness is the fraud created by the Fed, Banks, Mortgage Houses, Insurance and other money transfer institutions.

When a borrower receives money it is created from his own signature of the promissory note: The borrower becomes the creditor and the bank becomes the debtor. See Federal Reserve Dallas publication MONEY AND BANKING, Page 11. The lending institutions create all promissory notes as cash deposits "money of exchange" and promissory notes "money of account" as the same cash. This is allowed by12U.S.C.sec. 1813.

What occurs here is that the Defendant "HSBC" is trying to deceive the Plaintiff into believing that the Defendant was the lender and the Plaintiffs were the borrowers. In essence the Defendant is the borrow and the Plaintiffs are the editors. Banks are prohibited from lending its depositors or its shareholders money. Plaintiffs through lengthy studies of the banking fraud have refused to be party to the fraud: Thereby eventually being punished by the fraudulent banking system by having the "cons" (mortgage, service institutions, lawyers, credit raters, constables, bankruptcy courts, unconstitutional courts, ((general sessions courts, circuit and district courts)) etc etc, steal by committing fraud on court, fraud on the court, wire fraud, mail fraud, and

Page 8

numerous Common Law and International Law and various International Treaty violations. Possibly committing RICO crimes.

## POWER TO HEAR PRELIMINARY EXAMINATIONS IS NOT "JUDICIAL POWER".

State ex rel. v. Nast

Whoever may be entitled to such sums of money, collected or to be collected, the relator can claim no title to, or interest in, them, for the reason that such exactions are not fines or penalties within the meaning of those terms as used in the Constitution, because they are not levied or collected by a body that has the legal right to assess or affix fines or penalties against any person whatsoever for the violation of any criminal law. It has always been a good ground of demurrer to plaintiffs suit that the plaintiff has no legal right, title or interest in the thing sought; and it makes no difference under this rule what may be the nature of defendant's title. State rule what may be the nature of defendant's title. State ex rel. v. Seibert, 130 Mo. 222

Judicial power means that power with which courts are clothed for the purpose of the trial and determination of causes—the power to hear and determine the subject-matter between the parties to a suit, and render a judgment or decree. U.S. v. Arrendondo 6 Peters 709;

"Jurisdiction" means the power to hear, determine and decide. State ex rel v Withrow 108 Mo. 8; 102 U.S. 418;

All of the judicial power of the State is, by the constitution, vested in courts—in the courts specified in that instrument. The General Assembly has no authority to either vest or apportion judicial power in any other tribunal than those specified in the Constitution. State ex rel. v. Ryan, 182 Mo. 349.

The grant by the Legislature of some power usually exercised by, or even essential to the existence of courts, does not make a court of the tribunal in whom such power is vested. Cases cited immediately supra; State v. Hathaway, 115 Mo. 37;

Nor can the Legislature make a piece of a court and patch it out with the loan of judicial action borrowed from a real court. State ex rel. v. Ryan, 182 Mo. 349.

A court is civil or criminal, or both, according to the character of causes it has authority, power or jurisdiction to hear and determine. The name by which it is designated may add force to its character, but cannot control its powers or jurisdiction. State ex rel. v. Mason, 82, Mo. App. 242.

> (1) The court will not pass upon the constitutionality of an act in its entirety where the merits of the controversy can be decided without doing so. State ex inf. V. Detoney, 166Mo.529;

(2) (a) The act in question, creating the St. Louis Court of General sessions, does not come within the terms of article 4, section 3 of the constitution of Missouri. State ex rel. v. Yancey, 123 Mo. 391;

> (b) Article 4, section 31 of the Missouri Constitution gives the Legislature the power to establish criminal courts in counties having a population exceeding fifty thousand. Ex parte Renfrew, 112 Mo. 591:
> (c) The Constitution having conferred a specific grant of power upon the Legislature, legislation in pursuance of such grant will not be held unconstitutional as special legislation. State ex rel. v. County Court, 50

   Mo.324;
  (d) Section 1, article 6, inferentially authorizes the establishment of courts of inferior jurisdiction by the Legislature, but the qualifications of that section by the provisions of section 22 and section 31 leave no doubt of the right of the Legislature to create a court of the character of the Sts. Louis court of General sessions.
(3) The St. Louis Court of General Sessions, although of inferior jurisdiction by the Act of 1907 is vested with judicial functions and charged with the administration of the laws of the State. It is therefore a court within the meaning of the Constitution and the law. Mason v. Moemer, 18 Mo. 570;
(4) The city of St. Louis, having become a beneficiary under section 17 of the act creating the Court of General Sessions, receiving and collecting from the clerk of the circuit court the fees and forfeitures heretofore imposed and collected by the said Sts. Louis Court of General sessions, is now estopped from pleading the unconstitutionality of the said act in a proceeding of this character. Daniels v. Teamey, 102 U.S. 415;

State ex rel. v. Nast

"2". Because the alleged fines are not fines within the meaning of section 8 of article 11 of the Constitution of the State of Missouri, the same not having been imposed or assessed by any court.

"3rd. Because, on the facts stated, the relator, the board of Education of the city of St. Louis, has no interest whatever in the sums of money alleged by it to be fines, for the reason that said pretended fines were assessed by the St. Louis Court of General Sessions, which is not and cannot be a court under the laws of this State.

"4th. Because the Act of the Legislature of April 15, 1907, creating the St. Louis Court of General sessions, is unconstitutional and void, in that it violates section 1 of article 6 of the constitution of the state of Missouri, in that by said section the entire judicial power of the State is vested in the courts there named, together with the justices of the peace courts created by section 37 of article 6 of the Constitution, and the St. Louis Court of General Sessions having no power to try and determine criminal or other cases is not a criminal court, and cannot assess or impose fines for the violation of the laws of the State of Missouri.

"5'. The said Act of the Legislature of April 15, 1907, is unconstitutional and void, in that it violates section 53 of article 6 of the Constitution of the State of Missouri, and particularly those provisions of said section which prohibit the Legislature from passing any local or special law in any other case where a general law can be made applicable, and providing that whether a general law could be made applicable in any case is a judicial question which shall be judicially determined without regard to any legislative assertion on the subject.

"6th. The said Act of the Legislature of April 15, 1907, is unconstitutional and void, in that it violates section 54 of article 4 of the Constitution of the state of Missouri, which provides that no local or special law shall be passed, unless notice of the intention to apply therefore shall have been published in the locality where the matter or thing to be affected may be situated, and no notice whatever was published of said act.

And a quite extensive research has failed to discover an instance where an incumbent has been held an officer *de facto*, unless there was a legal office to fill; and all the cases cited from our own reports were of that sort. And as there was no such office or court known

Page 10

to the law as the probate and criminal court of Cass county, the conviction of the petitioner was altogether *coram nonjudice*. In State ex rel. v. Mason, 82 Mo. App. L. c. 242.

To be filed by the prosecuting attorney in the court of criminal correction, or, in default of bail, commit the defendant to jail to await such action by said prosecuting attorney; but no such commitment shall be for a longer period than forty-eight hours; and if no such information be filed in said court of criminal correction within such period, the defendant shall be discharged.

The General Assembly has power to provide a criminal court in counties having a population of fifty thousand, and could doubtless create another criminal court in the city of St. Louis, if the public weal required it, in addition to all the other courts of said city now having jurisdiction of criminal causes, but this act gives no such jurisdiction, unless it can be said that the single power to sentence a prisoner for a misdemeanor upon his plea of guilty can be denominated jurisdiction over criminal causes.

The power to take recognizances in all cases within its jurisdiction is rendered futile by the fact that no criminal cause can come before it as a court.

It must therefore be held that neither one nor all of the alleged powers conferred by the act upon this so-called court, in law, constitute it a court within the meaning of our constitution. It could not possibly be anything but a criminal court and yet no jurisdiction over criminal causes, either felonies or misdemeanors, is apportioned to it, and the attempt to confer the other powers enumerated in the act does not constitute it a criminal court.

In our opinion the said Act of April 15, 1907, attempting to create the said St. Louis Court of General Sessions, is entirely unconstitutional and void and the demurrers area sustained, and the alternative writ quashed.

In this case the Missouri Supreme Court stated if the courts are not constitutional (therefore unconstitutional or nonconstitutional); the clerk of the court is not required to send the proceeds to the Board Of Education. Thereby the Supreme Court of the State of Missouri gave the legal corporation lawyers or members of the Bar the right to steal from our innocent children and put the money designated for their education into the bank accounts of lawyers. Luke 11: 46-52,1 Corinthians 6: 1-5 and II Peter 2:3.

The entire legal system is a nonconstitutional system whereby the profits are kept within a close-knit secret bar cardholder association. This case allowed the courts for profit to exist by the ever so slow (two centuries) movement from a publicly owned, to a privately owned, privately legislated court operating without the knowledge, acceptance or approval of "We the People".

As can be seen by studying Exhibit B-1 to B-10 our money (silver and gold) was not only taken from us but we were tricked into slavery forever by continuing to be deceived. Biblical a servant for three times seven years service becomes slave with a youl in his ear, a Nation becomes a slave in 70 years. Why did our Congress not return to the gold system after HJR 192 was repealed? See Exhibit B-9 and B-10

please advise me in written affidavit form within the allotted time (21 days) from receipt hereof providing me with your counter affidavit by all requisite actual evidentiary fact and all requisite actual law, and not merely the ultimate facts or conclusions of law, that this affidavit statement is substantially and materially false sufficiently to change materially my status and factual declarations. Your silence stands as consent to, and tacit approval of, the factual declarations herein being established as fact as a matter of law. May the will of our Heavenly Father through the power and authority of the blood of his Son be done on earth as it is in Heaven.

Service to the agent is service to the principle; Service to the principle is service to the agent. Further sayeth affiant not.

August 22, 2006                                  By: _____
                                                     Robert-Rustad: Syverson